# Ott *v.* Philadelphia, Appellant.

*Negligence—Infant—Damages—Erroneous charge.*

1. In an action by a father and child to recover damages for personal injuries to the child, a little girl seven years old, where the strongest proof produced by the plaintiffs concerning the probability of the duration of the child's impaired physical condition is the testimony of a physician to the effect that she was suffering from a nervous condition and malnutrition, that she was growing worse, that the chances of her recovery were unfavorable, and that it was doubtful whether she could live long, it is reversible error for the court to permit the jury to find that the child's condition would last beyond her majority.

2. In such case the jury should not be permitted to find what expenses the father would probably incur for future treatment in the absence of any evidence as to what such expenses would probably be.

Argued Jan. 18, 1912. Appeals, No. 196 and 197, Jan. T., 1911, by defendant from judgment of C. P. No. 1, Phila. Co., June T., 1906, No. 1470, on verdict for plaintiffs in case of Jennie Irene Ott, by her father and next friend, George Ott, and George Ott v. City of Philadelphia. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries to a little girl seven years old. Before MAGILL, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for Jennie Irene Ott for $2,000, and for George Ott for $1,000. Defendant appealed.

*Error assigned,* was the portion of the charge quoted at length in the opinion of the Supreme Court.

*John H. Minds,* assistant city solicitor, with him *Max Aaron,* assistant city solicitor, and *Michael J. Ryan,* city solicitor, for appellant.—Damages cannot be assessed by the exercise of good judgment of the jury alone, in the absence of evidence, and there is no principle of law permitting juries to assess damages as to future expenditures based upon what has been spent in the past, in the absence of evidence to that effect. The jury was asked to supply their own facts as to what the future expenses would be and calculate upon them: Collins v. Leafey, 124 Pa. 203; Reese v. Hershey, 163 Pa. 253; Brooks v. Penna. R. R. Co., 2 Pa. Super Ct. 581; McHugh v. Schlosser, 159 Pa. 480; Goodhart v. Penna. R. R. Co., 177 Pa. 1; Wallace v. Pennsylvania Railroad Co., 195 Pa. 127; McKenna v. Gas Company, 198 Pa. 31; Simpson v. Pennsylvania Railroad Co., 210 Pa. 101; O'Reilly v. Railway Co., 17 Pa. Super. Ct. 626.

*Eugene Raymond,* for appellees, cited: Harrisburg, Carlisle & Chambersburg Turnpike Road Co. v. Cumberland County, 225 Pa. 467; Hoon v. Traction Co., 204 Pa. 369; Penna. Co. v. James, 81* Pa. 194; Penna. R. R. Co. v. Keller, 67 Pa. 300.

OPINION BY MR. JUSTICE MOSCHZISKER, March 18, 1912:

This was an action in trespass against the city of Philadelphia, instituted by George Ott, in his own behalf and as the father and next friend of Jennie Irene Ott, to

recover damages arising from personal injuries to the latter.

On June 10, 1910, at about 8:45 in the evening, George Ott was driving a carriage containing himself and his two-year-old daughter along a public street when his conveyance fell into a ditch or trench opened by the city for the purpose of connecting water-mains; the child was thrown over the dash-board and is alleged to have received serious injuries. The jury rendered a verdict for the plaintiff. The defendant has appealed and assigns for error the following excerpts from the charge of the trial judge: "The next item to be considered is whether Mr. Ott, as the result of this injury, will be obliged to spend other money for medical services or care of this little girl from this time until she arrives at the age of twenty-one years, when his legal liability would cease. If you find that, as the result of this injury, he would be necessarily required to spend money for her care in the future, medical or otherwise, if the testimony satisfies you of that fact, while there has not been any evidence as to what it would probably be, you will have to apply your good judgment to that, and judge by what has been paid in the past; ascertain, if you can, reasonably, what he would probably be required to expend in the future for such medical treatment, the testimony being, according to some of the witnesses, at least, that she is still by no means well;" and "She (Jennie Irene Ott) would also be entitled to an allowance or compensation for her loss of earning power after she had arrived at the age of twenty-one years, if you find and can find from this evidence that there would be such a loss of earning power after she is of the age of twenty-one years."

The strongest proof produced by the plaintiff concerning the probability of the duration of the impaired physical condition of his daughter, was the testimony of one of his medical experts who said that she was suffering from a nervous condition and malnutrition, that she

was growing worse and the chances of her recovery were unfavorable, adding, "my opinion is that if she lives to the time of puberty she may improve, but I doubt whether she will live that long." This, with the other testimony in the case, was too meager to justify a finding that the child's condition would last beyond her majority, or what expenses would probably be incurred by the father for future treatment; while neither of these could be shown exactly, both of them were susceptible of proof to a degree. The plaintiff called three doctors who had treated the child, and they should have been asked for their professional opinion concerning the probable duration of her trouble, the nature of the treatment necessary in the future, and for an intelligent estimate of its cost, but there was no real attempt to secure light upon any of these points; in the absence of this, the parts of the charge complained of constitute harmful error. The assignments are sustained, and the judgment is reversed with a venire facias de novo.