## Nee v. Versailles Township, Appellant.

*Negligence—Township—Damages—Permanent injuries.*

A verdict against a township for permanent injuries to a little girl six years old, will be sustained where it appears that the plaintiff was pinned under a wagon which went over an unguarded place in a road; that at the time she was a perfectly healthy child; that when she was taken from under the wagon her face was black, she vomited blood, and was unconscious for two days; that there was an abrasion at the base of the skull; that it was a month before she was "able to be around"; that for two years up to the time of the trial, she was in a very nervous condition; that the attending physician testified that she had concussion of the brain due to the accident; and that the medical expert for the plaintiff testified that from consideration of the symptoms and from the descrip-

tion he had of the accident, he was of the opinion that the injury was permanent.

Argued April 25, 1917. Appeal, No. 66, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1915, No. 694, on verdict for plaintiff in case of Thomas Nee, next friend of Lenora Nee, a minor, v. Versailles Township. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The case turned upon the question whether there was sufficient proof to sustain a verdict for permanent injuries.

From the record it appeared that plaintiff was injured on August 9, 1914, when she was about six years of age. The facts relating to the accident, and a summary of the evidence relating to the injuries are set forth in the opinion of the Superior Court.

Verdict and judgment for Lenora Nee for $1,500. Defendant appealed.

*Errors assigned* were various portions of the charge, submitting the question of permanent injuries to the jury.

*O. K. Eaton,* for appellant, cited: O'Reilly v. Monongahela Street Ry. Co., 17 Pa. Superior Ct. 626; Beck v. B. & O. R. R. Co., 233 Pa. 344; Ott v. Philadelphia, 235 Pa. 354.

*Morse J. Keller,* with him *James G. Nevin,* for appellee, cited: Ackerman v. City of Williamsport, 227 Pa. 591; Fedorawicz v. Citizens' Electric Illuminating Co., 246 Pa. 141; Linderman v. Hershberger, 47 Pa. Superior Ct. 308; Drenberg v. Mahoning, Etc., Ry. & Light Co., 55 Pa. Superior Ct. 218.

OPINION BY HENDERSON, J., July 13, 1917:

The judgment from which this appeal was taken was recovered by Lenora Nee for injuries received on a public highway in the defendant township. She was about six years of age at the time of the accident and was riding with her mother and a number of other persons in a wagon drawn by four horses. At a place where the roadway was somewhat narrower than was the road generally the wagon slid over the unguarded bank of a creek at the roadside. The horses were drawn over the bank with the wagon. The wagon was upset in going over the bank and the plaintiff was pinned under it in the run with one of the men of the party. This man was able to hold the head of the little girl out of the water until assistance was obtained from men in the vicinity who raised the wagon and freed the plaintiff. The uncontradicted evidence shows that when she was rescued her face was black, she vomited blood and was unconscious and so remained for two days; there was a bruise or abrasion at the base of the skull and other injuries on her body; she was in the care of a physician and it was a month before she was "able to be around." When she was strong enough to be out of the house she was wheeled about in a cart by her mother until she could take care of herself. The plaintiff's evidence showed that from the time of the accident up to the date of the trial she was in a very nervous condition; she frequently complained of pain in her head and was home from school "a great deal" on that account. The bruise at the back of her head was the severest of the superficial injuries. The evidence of that remained for six weeks or more. The attending physician testified that she had concussion of the brain due to the external force of the accident. Dr. Franklin, a medical expert, testified that he made a careful examination of her and found that she had symptoms of brain irritation; that from the description he had of the accident his conclusion was there was an injury to some cells in her brain

which left an unmistakable mark thereon; that this is the cause of her present symptoms and that the condition will probably be permanent. Two medical experts were called by the defendant one of whom, Dr. Hoffman, said the examination he made was not a very close one but enough to lead him to form an opinion which was that he did not think the symptoms described by the plaintiff's mother and the other witnesses for the plaintiff would result from a simple concussion of the brain. The other physician, Dr. Arthur, said it would be a natural and reasonable inference that there was some connection between the symptoms described by the plaintiff's witnesses and the accident. The assignments of error relate to the appellate's contention that the evidence was not sufficient to justify the submission of the question of permanent injury to the jury, and reliance is placed on Ott v. Philadelphia, 235 Pa. 354, and O'Reilly v. Monongahela Street Ry. Co., 17 Pa. Superior Ct. 626, in support of that position. An examination of these cases does not convince us that the appellant's position should be sustained. The defect in the evidence in the former case was that a nervous condition and malnutrition was the condition described by the medical expert as the foundation of his doubt that the plaintiff would live to the time of puberty. This was held in connection with the other evidence of the case to be too meagre to justify a finding that the child's condition would last beyond her majority. In the latter case cited the expert physician testified that from an examination of the plaintiff he concluded that necrosis was reasonably to be apprehended. These were mere theories without sufficient facts to support a conclusion as to permanency of the condition. But the plaintiff's case is much more substantially established. She was a perfectly healthy child up to the time of the injury; the jury might well conclude that she has been in ill health all the time since that occurrence; there is direct testimony from an examination of the patient of an injury to the brain, and

considering the character of the injury, the lapse of time and the condition of the patient two years thereafter the expert witness had a foundation for an intelligent judgment as to the probable outcome of the injury. The evidence shows more than a conjectural possibility that the plaintiff will suffer permanently. The question is, what is probable in view of the nature and ordinary consequences of the injury and the differences in the physical, mental or nervous condition which have developed and continued up to the time of trial which are reasonably attributable to the injury: Linderman v. Hershberger, 47 Pa. Superior Ct. 308. It is impossible to show to a demonstration that the hurt is permanent. "In this, as in all elements of damage which have regard to the future, it is a question of likelihood as to continuance; but that is always for the jury": Amos v. Del. River Ferry Co., 228 Pa. 362. When we consider the conceded facts as to the circumstances of the accident, the seriousness of the plaintiff's injury and the competent evidence as to the probability of its continuance we can not say there was no testimony from which the jury might find the injury was of a permanent nature. It is easy to understand how the jury after a comparison of the evidence of the medical experts called for the defendant and for the plaintiff might more confidently rely on the testimony of the latter and in so doing a verdict for the plaintiff logically followed.

The assignments are overruled and the judgment affirmed.