## O'Reilly *v.* Monongahela Street Railway Company.

*Negligence—Charge of court—Review.*

Where a trial judge in an effort to reconcile conflicting stories supposes a case which coincides with neither story, and leaves it for the jury to say whether or not under the circumstances of the supposed case there would have been negligence on the part of the plaintiff, the narration of the supposed case is not ground for reversing a judgment for the plaintiff, where the jury is allowed to determine whether or not there was under the supposed circumstances any negligence on the part of the defendant.

*Negligence—Damages—Evidence.*

In an accident case where there is no evidence as to the age, habits, earning capacity or industry of the plaintiff, there is nothing upon which a jury can legitimately base a verdict in reference thereto; and if a trial judge submits these questions to a jury and leaves the entire question of damages to them without any adequate instructions to guide them, he commits substantial error.

In an accident case it is not what is to be feared, but what is to be reasonably expected as the probable result of an injury which is to be taken into consideration by the jury.

Submitted May 11, 1901. Appeal, No. 27, April T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1899, No. 412, on verdict for plaintiff in case of Edward F. O'Reilly v. Monongahela Street Railway Company. Before RICE P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before EVANS, J.

At the trial it appeared that on the night of June 12, 1899, plaintiff was driving a buggy, and was injured by a collision between the buggy and one of defendant's cars. Plaintiff claimed that he was on the right-hand track when he was struck by a car approaching from behind. The defendant's

contention was that plaintiff was driving upon the left-hand track and pulled over suddenly in front of the car, which struck the buggy, whereupon the horse ran away, and in a short distance collided with an approaching car, wrecking the buggy and injuring the plaintiff.

The court charged in part as follows:

[Ordinarily, when one drives onto a track on which a street car is coming, immediately in front of it, if that were an admitted fact, it would be the duty of the court to tell you that that of itself was contributory negligence, and the plaintiff would not be entitled to recover. There might be circumstances where the question would still be for the jury to determine whether that was a negligent act or not, and those circumstances would be where a man, discovering himself in a position of danger, on the spur of the moment acts upon what he considers the best thing to do; and even, if in doing that, he passes into a position of greater danger than the one he was originally in, if what he did was the natural and reasonable impulse of a man under the circumstances, it would be a question for the jury to say whether that was negligence or not; and for that reason, in this case, I leave the question to you to say, even if you find that the plaintiff was driving on the left-hand track, and turned and drove, or attempted to drive onto the right-hand track, whether that was negligence on his part or not.] [1]

[If you find that the plaintiff is entitled to recover, under the instructions which I have given you, your next duty will be to determine the amount of damages which he is entitled to recover. He would be entitled to recover for any injury to his buggy. I do not remember of any testimony of any injury to the horse. If there was, he would be entitled to recover that also. He would be entitled to recover for any money actually paid out by him. I do not remember any evidence of any money that he has paid, but if he did pay out any he would be entitled to recover that. He is entitled to recover for any wages that he lost, any power of earning money which he lost by reason of this accident. So far as I remember, the evidence is not very clear on that subject. He did lose some time; he was in the hospital for something like two weeks, and for some time after he left the hospital he made frequent visits there for

628 O'REILLY *v.* RAILWAY CO.

Statement of Facts—Opinion of the Court. [17 Pa. Superior Ct.

the purpose of having his wound dressed; he lost that time; but as to how much money he lost by reason of being in the hospital, and by reason of his taking time to go to a physician to have his wound dressed, I do not remember any evidence on the subject at all. In addition to this, if you find that he is entitled to any thing at all, he is entitled to an allowance for the pain and suffering which he has undergone or is likely to undergo in the future. That is a subject which is left to your sound discretion, if you come to that part of the case at all.] [2]

Verdict and judgment for plaintiff for $1,375. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them. (3) The ruling on evidence referred to in the opinion of the Superior Court.

*Knox & Reed* and *J. H. Beal*, for appellant, cited as to the question of the measure of damages: McHugh v. Schlosser, 159 Pa. 480; Waters v. Atlantic Refining Co., 9 Pa. Dist. Rep. 473.

*Williams & Edwards*, for appellee.

OPINION BY BEAVER, J., July 25, 1901:

Assuming the truthfulness of the plaintiff's testimony in regard to the accident, for which a recovery was had, it is difficult to determine wherein the defendant was negligent. The plaintiff's own account of the accident is much confused, owing to the fact that in the midst of it he was rendered unconscious. That of his companion is but little better. The testimony of the several witnesses of the defendant is consistent and intelligible. Which story was to be believed or how the two could be reconciled was within the province of the jury. In the apparent effort to reconcile the conflicting stories the court supposes a case which coincides with neither and leaves it for the jury to say whether or not, under the circumstances of the supposed case, there would have been negligence on the part of the plaintiff. Admitting that such a supposititious case was legitimately within the province of the court, the jury should have been allowed also to determine whether or not there was, under the supposed circumstances, any negligence on the part

of the defendant. This we think was in effect done. We cannot see, therefore, how the defendant was in any way injured by the narration of the supposed circumstances by the court. The first assignment of error is, therefore, not sustained.

There is no evidence whatever of any damages sustained by the plaintiff, except that, after the accident, he sold a buggy which cost him $28.00 for fifty cents. What the buggy was worth at the time of the accident and what it was worth afterwards does not appear, but the defendant should have objected to the form of the questions as to what it cost and sold for. If this stood alone, we would not regard it as sufficiently erroneous to justify reversal. There was no evidence of damage to the horse, none whatever as to any money paid out by the plaintiff, nothing substantial as to his loss of wages, while he was in the hospital or the loss of earning power present or prospective; nor is there any positive evidence of pain and suffering, except what may be inferred from the nature of the injury itself. All this is commented upon by the judge and yet the entire question of damages was left to the determination of the jury. In this we think there was substantial error. In McHugh v. Schlosser et al., 159 Pa. 480, it is said: "No evidence was given tending to show the earning powers or the habits of industry and thrift of the deceased. For this reason the court was asked to instruct the jury that 'nothing more than nominal damages can be recovered in this action." This was refused and the jury was told, in the general charge, that, as the evidence fixed his age and gave information about his health and habits, they might from this data estimate his earning capacity and the pecuniary loss of the plaintiff. . . . The true measure of damages is the pecuniary loss suffered, without any solatium for mental suffering or grief, and the pecuniary loss is what the deceased would probably have earned by his labor, physical or intellectual, in his business or profession, if the injury that caused death had not befallen him, and which would have gone to the support of his family. In fixing this amount consideration should be given to the age of the deceased, his health, his ability and disposition to labor, his habits of living and his expenditures: Penna. R. R. Co. v. Butler, 57 Pa. 335; Lehigh Iron Co. v. Rupp, 100 Pa. 95; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185. It is very clear that the refusal

of the first and fourth points, without explanation, left the jury without any adequate instruction on the important questions to which these points related. The consequence was a verdict based on the earning power of the deceased, which the learned judge felt constrained to reduce and which was unsupported by the evidence. It will not do to permit such a verdict, without some evidence from which the calculation of the pecuniary loss of the plaintiff may be made." That was an action by the wife for damages arising from the death of her husband, but the rules laid down therein as to damages have been followed in many cases since: Goodhart v. Penna. R. R. Co., 177 Pa. 1; Wallace v. Penna. R. R. Co., 195 Pa. 127. But in the present case there was no evidence as to the age, habits, earning capacity or industry of the plaintiff and there was, therefore, nothing upon which a jury could legitimately base a verdict in reference thereto. The second assignment of error is, therefore, sustained.

After the surgeon who performed the operation upon the plaintiff after his accident, who was called by the plaintiff, had testified upon cross-examination: "Q. The man made a good recovery did he? A. Yes, sir. Q. It healed up perfectly. A. It is healed up perfectly. Q. Perfectly well? A. Yes, sir," a physician was called who, in answer to the question, "Q. From your examination of this plaintiff, do you believe that necrosis is something to be feared, to be apprehended? Reasonably to be apprehended?" replied, "A. From the condition that man is in at the present time and the appearance of that wound I would say it is to be feared." Although the question was objected to by the defendant, the witness's answer was not specifically objected to nor was a motion made to strike it out; and, whilst we would probably not reverse, if this assignment of error stood alone it is, nevertheless, true that the jury should not have been allowed to be influenced by such testimony. It is not what is to be feared but what is to be reasonably expected as the probble result of an injury which is to be taken into consideration by the jury in cases of this character. The third assignment of error is, therefore, also sustained. Judgment reversed and a new venire awarded.