Gerald J. SCHULER, Administrator of the Estate of Betty Mae Carlier, Deceased,

v.

Melvin M. BERGER, M. D., Appellant.

No. 17008.

United States Court of Appeals Third Circuit.

Argued April 18, 1968.

Decided May 29, 1968.

Francis E. Shields, Pepper, Hamilton & Scheetz, Philadelphia, Pa. (A. W. Cortese, Jr., Philadelphia, Pa., on the brief), for appellant.

William C. Hewson, Beasley, Albert, Hewson & Casey, Philadelphia, Pa. (James E. Beasley, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

PER CURIAM.

The jury found for the plaintiff in this medical malpractice death case. The defendant appeals the district court's denial of his motions for judgment notwithstanding the verdict or for a new trial. Schuler v. Berger, 275 F. Supp. 120 (E.D.Pa.1967).

Defendant's principal contention is that its motion for judgment n. o. v. should have been granted because plaintiff failed to sustain his burden under Pennsylvania law of producing competent evidence that defendant's conduct was the proximate cause of death. This contention is based on defendant's tendered analysis of the Pennsylvania law and the evidence. We conclude from our evaluation of the record that the district court's opinion reasonably meets and correctly disposes of defendant's significant contentions under this head of the case. The defendant insists that the district court, by relying on the Fourth Circuit case of Hicks v. United States, 368 F.2d 626 (1966), applied "federal" law rather than the controlling Pennsylvania law. Parenthetically, the Hicks court was finding "Virginia" law. In any event, a reading of the opinion below shows that the trial judge assumed that the entirely reasonable analysis quoted from the Hicks case would be accepted as "good" law by the Pennsylvania courts. We think that assumption was justified and thus did not, in the circumstances, result in the adoption of a legal principle which was contrary to either the letter or the spirit of the Pennsylvania case law.

The other contentions made by defendant are fully treated and properly decided in the lucid opinion of the district court.

The judgment of the district court is affirmed.