369 A.2d 806

**Frank R. BACCARE, Appellant,**

v.

**Anthony MENNELLA.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.

Decided Nov. 22, 1976.

54

Malcolm H. Waldron, Jr., Philadelphia, for appellant.

Jonathan D. Herbst, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

In this appeal from a verdict in appellant's favor in his personal injury action, appellant Frank Baccare

contends that he received an inadequate verdict to compensate his losses due to the trial court's error in failing to instruct the jury regarding future medical expenses and loss of future earnings.[1] Because we find that appellant failed to prove the probability of future losses, we affirm.

Appellant was injured in February 1968 when a truck collided with his car while he was stopped in the middle of an intersection waiting for some children who were running back and forth across the street to clear the way. Appellant sustained injuries to the left side of his head, his left shoulder and arm and his lower back. After a period of time, appellant recovered from the head, shoulder and arm injuries but he continued to experience trouble with his back. At the conclusion of the trial, the jury returned a verdict in favor of the plaintiff-appellant in the amount of $19,000. He now contends that this amount is inadequate because, first, the jury was not instructed to consider future medical expenses, and, second, it was specifically charged not to consider future loss of earnings.

In order for a jury to be permitted to consider the future continuation of a disability as an element of damages, it is necessary that there be competent testimony of the likelihood that the disability will persist into the future. Some evidence must be submitted from which the jury can reasonably infer what the probable future consequences of the injury will be and award damages accordingly. *Rice v. Hill*, 315 Pa. 16, 172 A. 289 (1934); *Schwegel v. Goldberg*, 209 Pa.Super. 280, 228 A.2d 405, *allocatur refused*, 209 Pa.Superior Ct. *xxxix* (1967). This does not mean that expert medical

1. Appellant's second issue regarding testimony of the defense's medical expert from hospital records was not included in his post-trial motions filed March 11, 1975. Appellant therefore failed to preserve this claim of error for review and we are precluded from considering it. *Benson v. Penn Central Transp. Co.*, 463 Pa. 37, 342 A.2d 393 (1975).

testimony is required to predict with certainty the exact result expected; however, definite evidence of the degree of probability that the impairment will persist for some period is required. *Stevenson v. Pennsylvania Sports & Enterprises, Inc.*, 372 Pa. 157, 93 A.2d 236 (1952); *Lorch v. Eglin*, 369 Pa. 314, 85 A.2d 841 (1952). The court in *Lorch v. Eglin*, supra, quoting *O'Reilly v. Monongahela Street Ry. Co.*, 17 Pa.Super. 626, 630 (1901), stated, " 'It is not what is to be feared but what is to be reasonably expected as the probable result of an injury which is to be taken into consideration by the jury . . . .' " *Lorch v. Eglin*, supra 369 Pa. at 321, 85 A. 2d at 844. It was further noted in that case that "a *mere possibility* of future consequences resulting from an accident is not admissible in evidence; the object of this rule is to prevent a jury from estimating damages on the basis of mere conjecture or speculation as to what *might* occur in the future". *Id.* at 320, 85 A.2d at 844.

In the case at bar, the appellant testified to the pain he suffered in his lower back up to the time of trial and his doctor testified to the medical reasons the pain persisted. However, when asked to give a prognosis for the future, the doctor was unable to do so, nor was he able to estimate medical expenses or predict whether future hospitalizations would be required. He testified that it was his experience in cases of low back strain that recovery could come any day or never come at all and he could not predict what the future would bring in the appellant's case. When asked to estimate his future medical bills, appellant's doctor stated, "It would be hard, really, to pin down exactly how long—I am hoping some day he'll wake up in the morning and say, Dr. Silk, I just feel like a new man. I don't need you any more, I mean, I am hoping for this day to come, some beautiful day or a day like this may never come. I don't really know. I mean, it's pretty hard to actually penpoint [sic], not like somebody took out the appendix or gallbladder will re-

cover. You are dealing with a low back strain and unstable back and it's very difficult to penpoint a day, a good day.

".   .   .   .

"THE COURT: Well, you can't prognosticate future medical expenses, that's the point, isn't it?

"THE WITNESS: Yes, sir."

Testimony such as this gives the jury no basis on which to assess the probability of appellant's disability continuing for an appreciable duration or ceasing immediately. Therefore any attempt by the jury to estimate future medical expenses would be based purely on speculation unguided by any knowledgeable source or experience. The lower court did not err in refusing to instruct the jury to include future medical expenses as an element of appellant's damages.

■■ Appellant also objects to the lower court's specific instruction that the jury was not to consider loss of future earnings or earning power in its determination of damages. Of course the loss of earning power and its financial value must be demonstrated with satisfactory proof and not left to speculation. Appellant "is not entitled to have mere conjecture either in the witness box or jury room, accepted as a substitute for proof." *Rice v. Hill,* supra, 315 Pa. at 173, 172 A. at 291; *accord, McCaulif v. Griffith,* 110 Pa.Super. 522, 168 A. 536 (1933); *Hoffman v. Sterling Drug, Inc.,* 485 F.2d 132 (3d Cir. 1973). The record in the present case indicates that appellant worked as a manager and short order cook at a Dewey's lunch counter before the accident. Following the accident, he was unable to work for a week to ten days due to his injuries. He then returned to his job and remained there for approximately two years at which time his employment was terminated due to his inability to get along with his customers. Appellant testified that after his accident the pain in his back and the

58

medication he was taking to control it caused him to become irritable and argumentative, interfering with his work and ultimately causing him to lose his job.

On the basis of this evidence, the court below permitted the jury to consider the appellant's lost earnings up to the time of trial. However, further instruction was given that because there was no evidence regarding the probability that the disability would persist in the future the jury could not consider any future loss of earnings. We conclude that this instruction was correct. The appellant's own medical expert testified that he was unable to say whether or not the impairment the appellant suffered would worsen, continue indefinitely, slowly improve, or correct itself immediately. No other evidence was introduced to show that appellant's discomfort would continue to trouble him. On such a record we conclude that the jury could not reasonably infer that the appellant's future ability to work would be impaired by his injury without resorting to speculation. *Dixon v. Pennsylvania R.R. Co.*, 378 F.2d 392 (3d Cir. 1967).

Judgment affirmed.