426 A.2d 595

**Bruno TAGNANI, Administrator of the Estate of Elizabeth Tagnani, Appellee,**

**v.**

**Caryl Lynne LEW and James M. Reinert, Defendants-Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 27, 1981.

Decided March 13, 1981.

372

Joseph J. Musto, Pittston, for Caryl Lynne Lew.

Jonathan C. Teller, Wilkes-Barre, for James M. Reinert.

Anthony C. Falvello, Conrad A. Falvello, Paula C. F. Garrety, Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

██ The basic issue presented in this appeal is whether the court *en banc* may give relief on post-verdict motions when such relief had not been requested during trial. We hold that our decision in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) precludes such a practice.

The instant appeal originated from a trespass action for damages arising out of the death of Elizabeth Tagnani on

March 19, 1971 in Luzerne County. The trial resulted in a verdict in favor of the defendant-appellants. The Estate of Ms. Tagnani filed post-verdict motions and the court *en banc* granted a new trial. The Superior Court affirmed, *per curiam*, and we granted review.

The basis for the grant of a new trial by the court *en banc* was the attempt by the defense, at trial, to interject the possibility of the remarriage of the husband of the decedent. An objection to the question was promptly sustained and the question was not answered. No further relief was sought by appellee during trial. There was no request for cautionary instructions nor was there a request for the withdrawal of a juror. On post-verdict motions, after the jury had obviously decided the liability question in favor of the defendant-appellants, the court *en banc* concluded that the improper, unanswered question was so prejudicial that a new trial was warranted. Appellants do not challenge the trial court's ruling as to the impropriety of the question involved.[1] The issue involves the power of a court to grant a new trial for alleged harm neither designated as such nor for which remedy was sought during trial.

The court *en banc* relied upon our decision in *Hill v. Gerheim*, 419 Pa. 349, 214 A.2d 240 (1965). In *Hill* the fact that the remedy requested during trial was granted and no further complaint was then made was not controlling. We there suggested a power in the court to grant a new trial where justice and fairness requires, even though the com-

---

1. The most recent appellate pronouncement as to the law in this jurisdiction relating to testimony of the possibility of remarriage is found in the Superior Courts decision in *Evans, et al. v. Reading Company*, 242 Pa.Super. 209, 217, 363 A.2d 1234, 1238 (1976):

    The majority of American jurisdictions considering this question have concluded that evidence of remarriage is inadmissible in a wrongful death action. *Annot.*, 87 ALR2d 252 (1963). Moreover, several federal courts have interpreted a Pennsylvania case, *Philpott v. Pennsylvania R.R.*, 175 Pa. 570, 34 A. 856 (1896), to prohibit such evidence. *Haddigan v. Harkins*, 441 F.2d 844 (3d Cir. 1970); *Schuler v. Berger*, 275 F.Supp. 120 (E.D.Pa.1967), *aff'd*, 395 F.2d 212 (3d Cir. 1968); *Gatenby v. Altoona Aviation Corp.*, 259 F.Supp. 573 (W.D.Pa.1966); *Curnow v. West View Park Co.*, 220 F.Supp. 367 (W.D.Pa.1963), *rev'd on other grounds*, 337 F.2d 241 (3d Cir. 1964).

plaint had not been properly preserved by the offended party.[2] The broad discretion of a trial court in awarding new trials suggested in *Hill* must now be measured in light of our adoption of a strict rule of issue preservation announced in our later decision in *Dilliplaine*. Under the *Hill* approach, the trial court was implicitly given the authority under the guise of "justice and fairness" to disturb verdicts when they did not comport with that court's visceral response to the evidence. The court *en banc*'s application of the "justice and fairness" standard to the facts of this case serves to accentuate that fact.[3] In *Dilliplaine* we noted:

We believe that two practical problems with basic and fundamental error make it an unworkable appellate procedure. Initially, appellate court recognition of alleged errors not called to the trial court's attention has a deleterious effect on the trial and appellate process. Also, despite its repeated articulation, the theory has never developed into a principled test, but has remained essentially a vehicle for reversal when the predilections of a majority of an appellate court are offended.

*Id.*, 457 Pa. at 257, 322 A.2d at 116.

Whether the test is framed in terms of the dictates of "justice and fairness" or "basic and fundamental error" the resulting criteria is the same and the objections cited in *Dilliplaine* are equally as valid.

Appellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. The ill-prepared advocate's hope is that an appellate court

**2.** A distinction between the *Hill* decision and the instant matter does exist in that this complaint does not rise to the level of offending "justice and fairness." The offensive question in this case could only have prejudiced plaintiff-appellee's case as to damages, while the verdict reflects that the jury decided against plaintiff-appellee on the liability question. Because of the importance of the issue involved, we decline to use this distinction as the basis of our decision here.

**3.** See footnote 2.

will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error. The diligent and prepared trial lawyer—and his client— are penalized when an entire case is retried because an appellate court reverses on the basis of an error opposing counsel failed to call to the trial court's attention. Failure to interpose a timely objection at trial denies the trial court the chance to hear argument on the issue and an opportunity to correct error. It also tends to postpone unnecessarily disposition of other cases not yet tried for the first time.

The notion of basic and fundamental error not only erodes the finality of trial court holdings, but also encourages unnecessary appeals and thereby further burdens the decisional capacity of our appellate courts. Trial counsel, though he may not have claimed error at trial, is inspired after trial and an adverse verdict by the thought that an appellate court may seize upon a previously unclaimed error and afford relief on a ground not called to the trial court's attention. [Footnote omitted.]

*Id.*, 457 Pa. at 257–58, 322 A.2d at 116.

Moreover, no legitimate basis for distinction may be found between the situation where the claim is not timely raised and where the remedy sought was not timely pursued. The concerns expressed in *Dilliplaine* are equally applicable in both instances. The claimed taint in this case is that the mere sustaining of the objection to the improper question was inadequate to protect appellee's interests. If this asserted inadequacy had been called to the trial court's attention at the time of the occurrence, that court would have had the option of giving a cautionary instruction which could have removed any prejudice which may have resulted from the asking of the improper question. Appellee's failure to pursue further relief after the court sustained the objection justified the court in concluding that no further action with reference to that complaint was necessary. As a consequence, the unnecessary waste of judicial resources resulting from the failure to afford the trial court the

opportunity to correct error during the trial and thereby avoid the necessity of a retrial is graphically demonstrated in this case. Even if the error was of such a magnitude that it could not have been cured, the trial could have been immediately aborted, thereby preventing the additional waste of completing the infirm proceeding. "Perhaps at an earlier stage of our jurisprudential development this practice could be justified. Today, however, there is no excuse for ... less than alert professional representation at trial." *Dilliplaine v. Lehigh Valley Trust Co., supra* 457 Pa. at 258, 322 A.2d at 116.

■ With the volume and complexities of the matters coming to our judicial system for resolution, it has become imperative that the former paternalistic approach be discarded and a high degree of professionalism be insisted upon. Our resources are not unlimited and must be utilized to provide the greatest good to the greatest number. To maximize our efficiency and to maintain and enhance the quality of our dispute resolution process, strict compliance with the procedures designed for issue preservation is essential.

Appellee cites the wide discretion we have conferred in our trial courts in deciding whether to award a new trial. *Getz v. Balliet*, 431 Pa. 441, 246 A.2d 108 (1968); *Green v. Johnson*, 424 Pa. 296, 277 A.2d 644 (1967); *Burchard v. Seber*, 417 Pa. 431, 207 A.2d 896 (1965); *Bellettier v. Philadelphia*, 367 Pa. 638, 81 A.2d 857 (1951). That discretion remains where the court is considering issues properly before it. Our concern is not the extent of the courts' discretion in the resolution of questions of this nature, rather it is the matters the court may properly consider. Appellee has relied upon a number of our earlier decisions. Those cases have to be read in light of the numerous decisions following *Dilliplaine* that evidence our adoption of a strict adherence to the rules of issue preservation both on trial and appellate levels.

Our commitment to *Dilliplaine* is evidenced by the consistency of its progeny. *See, e.q., City of Pittsburgh v. Pa.*, 490

Pa. 264, 416 A.2d 461 (1980) (argument does not appear in the pleadings, thus it is waived); *In Re Estate Kiger*, 487 Pa. 143, 409 A.2d 5 (1979) (since appellant did not object when decree was entered, he cannot object now); *Commonwealth v. Stein*, 487 Pa. 1, 406 A.2d 1381 (1979) (husband did not raise procedural defect, thus it is waived); *Doner v. Rodgers*, 484 Pa. 496, 399 A.2d 402 (1979) (since neither of the issues raised was raised in the trial court, it was not preserved for review); *Broxie v. Household Finance Co.*, 472 Pa. 373, 372 A.2d 741 (1977) (failure to object to trial court's charge in lower court waives it); *College Watercolor Group, Inc. v. Newbauer*, 468 Pa. 103, 360 A.2d 200 (1976) (appellants waived any objection to in-camera procedure by failing to raise them at trial).

Having concluded the court was in error in granting the motion for a new trial for the reason assigned, their order must be reversed. Since other reasons were offered in support of the motion for a new trial and not passed upon by the court *en banc*, the matter is remanded for the purpose of the disposition of these remaining questions.

ROBERTS, J., concurred in the result.