463 A.2d 1082

**John CHERRY, Appellant,**

v.

**Theodore J. WILLER, Jr.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1982.

Filed July 15, 1983.

Reargument Denied Aug. 30, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

60

Allen L. Feingold, Philadelphia, for appellant.

Pamela Gagne, Philadelphia, for appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal from the Order of the Court of Common Pleas, Philadelphia County, per the Honorable Charles A. Lord, dated September 30, 1977, denying appellant's motion for a new trial.

The action underlying this appeal arose out of the April 6, 1973 collision of appellant's and appellee's automobiles in the intersection of Hunting Park Avenue and Front Street in the City of Philadelphia. Appellant filed a complaint in trespass on June 4, 1973. Compulsory arbitration ended in a June 25, 1974 award of $4,700.00 in favor of appellant and against appellee. Appellee filed an appeal to the Court of Common Pleas. A jury trial de novo was held before Judge Lord and ended in a verdict in appellee's favor. Appellant filed post-verdict motions for a new trial and judgment n.o.v. on February 9, 1977. Judge Lord denied appellant's motion for a new trial on September 30, 1977. Judgment was entered on the verdict on November 3, 1977. This appeal followed.

Appellant raises two issues on appeal. First, appellant claims that under "the circumstances of this case" the refusal of the trial court to grant a continuance when appellant was unable to secure the attendance of his witnesses at trial was an abuse of discretion. "The circumstances of this case" referred to by appellant is the 1977 program of the Court of Common Pleas of Philadelphia to reduce the civil trial backlog. Under this program, the entire civil trial list was scheduled for conference before a

large bench of judges of the Court of Common Pleas. Each judge was assigned eight cases a day for conferences. Each case was advertised in the *Legal Intelligencer* on several occasions prior to the conference, giving the judge's name and the date and time for conference. Appellant's second, related contention, is that the operation of this program in the present case, resulted in an arbitrary denial of the services of counsel to appellant.

Because appellant has failed to comply with both local and statewide procedural rules, he has failed to preserve either of these issues for appellate review; and we, therefore, affirm the order of the trial court.

This case presents our Court with another opportunity to review and clarify the procedural requirements for preserving an issue in a civil case for appellate review, particularly, the specificity with which claims must be raised in post-verdict motions.

Appellant raised neither of the claims he now asserts on appeal in his post-verdict motions. Appellant filed only boilerplate post-verdict motions in the trial court. In those motions, appellant made only the bare assertions that the verdict was against the evidence, against the weight of the evidence and contrary to the law. Appellant also requested permission to file additional reasons in support of the motion when the notes of testimony were transcribed. Appellant, however, never ordered the notes of testimony transcribed and never filed additional reasons in support of the motion. Appellant did, however, raise the claim that he should have been granted a continuance in a brief filed on May 9, 1977 in support of his post-verdict motions.

In *Carnicelli v. Bartram*, 289 Pa.Super. 424, 433 A.2d 878 (1981), this Court, per Judge Spaeth, held that the Supreme Court's Opinion in *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981), required that the disapproval of boilerplate motions in criminal cases be extended to civil cases. In the instant case, we are presented with the issue of whether *Tagnani* and *Carnicelli* require that the Supreme

Court's disapproval in criminal cases of consideration of issues raised only in a brief filed in support of boilerplate post-verdict motions should also be extended to civil cases. We hold that they do.

In *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), the Supreme Court held that in the interest of the efficient administration of our judicial system only alleged errors specifically objected to at trial could be considered on appeal. In *Tagnani v. Lew*, the Supreme Court held that the holding in *Dilliplaine* precluded the trial court from granting relief in post-verdict motions when such relief had not been requested during trial. In *Carnicelli*, this Court addressed the issue of the degree of specificity required in civil trial post-verdict motions in light of the Supreme Court's Opinion in *Tagnani*.

In *Carnicelli*, as in the instant case, the motion for a new trial contained the boilerplate assignments that the verdict was "against the evidence," "against the weight of the evidence," and "against the law." [1] This Court held in *Carnicelli* that when a party makes only boilerplate assignments of error, the trial court may not, sua sponte, consider as though within those assignments, specific assignments of error that might have been but were not made; rather, the trial court may grant a new trial only on the basis of specific assignments of error.[2]

Judge Spaeth reasoned in *Carnicelli* that the Supreme Court's holding in *Tagnani* implied that for an issue to be properly before the court on a motion for a new trial, it must be specifically assigned; thus, *Tagnani* required that the Supreme Court's disapproval of boilerplate motions in criminal cases, announced in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), be extended to civil cases.

**1.** In *Carnicelli,* the motion for a new trial also contained more specific assignments of error.

**2.** In *Carnicelli,* we remanded the case to the trial court for its consideration of only the specific assignments of error in the motion for a new trial.

In the instant case, we hold that *Tagnani* and *Carnicelli* require that the Supreme Court's disapproval of consideration of issues raised only in briefs in support of boilerplate post-verdict motions in criminal cases, announced in *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979), be extended to civil cases. In *Gravely*, the Supreme Court reviewed with dissatisfaction its experience in allowing consideration of issues not included in post-verdict motions but presented in briefs filed in the trial court, and held that only issues included in post-verdict motions could be considered. The extention of this rule to civil cases effectuates, at both the trial and appellate levels, the underlying rationale of *Dilliplaine, Tagnani* and *Carnicelli:* (1) the clearer presentation of issues, (2) the greater assurance that issues will be called to the attention of and considered by the trial court, and (3) the more orderly and efficient use of judicial resources.

■ The raising of claims only in briefs in support of boilerplate post-verdict motions does not satisfy the specificity requirement of *Tagnani* and *Carnicelli*, and we, therefore, hold that hereafter, in civil as well as criminal cases, only issues specifically raised in post-verdict motions can be considered and will be preserved for appeal, and issues raised only in briefs in support of those motions may not be considered.[3] However, since appellant's post-verdict motions in the instant case were filed before the *Gravely, Tagnani* and *Carnicelli*, decisions, we will consider the

---

**3.** In so holding, we note that the Supreme Court in *In Re Adoption of F.D.S.*, 490 Pa. 43, 415 A.2d 23 (1980), in an appeal from a decree terminating a mother's parental rights, held that failure to include a claim of bias on the part of the trial judge in written exceptions did not bar assertion of that issue on appeal when the claim was included in appellant's brief in support of her exceptions, was orally argued and the trial court was presented with an opportunity to consider and did consider the question. We believe that the Supreme Court would limit *In Re Adoption of F.D.S.* to Orphans Court or Equity matters. Furthermore, *In Re Adoption of F.D.S.* is distinguishable from the instant case in that there, the trial court was presented with an opportunity to and did consider the issue presented in the brief. In the instant case, however, appellant's failure to comply with Local Rule 240 denied the trial court an opportunity to meaningfully consider the issue presented in the brief.

issue raised in his brief in support of his post-verdict motions and pressed on appeal.

In his brief in support of his post-verdict motions, appellant claims that he asked for and was denied a continuance when he was unable to procure his witnesses' attendance at trial, and that this denial was an abuse of discretion. However, by failing to comply with Philadelphia Court of Common Pleas Local Rule 240, appellant was abandoned this claim and failed to preserve it for appeal. Local Rule 240 provides that counsel filing post-verdict motions shall insure that the notes of testimony, if necessary, are ordered from the court reporter and further provides for the imposition of sanctions, including the dismissal of the motion, for failure to comply.

■ Appellant never ordered the notes of testimony transcribed in the instant case. Thus, appellant cannot establish that he ever requested a continuance. Appellant's failure to comply with Local Rule 240 denied the appellee and the trial court an opportunity to assess the merits of his claim and denied the trial court an opportunity to write a meaningful opinion for our review. Thus, by failing to comply with Local Rule 240, appellant has failed to preserve this issue for appeal. *See, Schneider v. Albert Einstein Medical Center,* 257 Pa.Super. 348, 390 A.2d 1271 (1978); *Straff v. Nationwide Mutual Fire Insurance Co.,* 230 Pa.Super. 403, 326 A.2d 586 (1974). As this Court said in *Straff,* 230 Pa.Super. at 407, 326 A.2d at 587, "[I]t cannot seriously be contended that procedural rules, either at the state or local level are not absolutely essential to the orderly administration of justice and the smooth and efficient operation of the judicial process."

■ Finally, appellant also claims on appeal that the 1977 program instituted in the Philadelphia Court of Common Pleas to reduce the civil backlog resulted in this case in the arbitrary denial of the services of counsel to appellant. This claim was not raised in post-verdict motions, nor was it included in appellant's brief in support of those motions and

is, therefore, waived. *Baccare v. Mennella,* 246 Pa.Super. 53, 369 A.2d 806 (1976). This Court will not consider issues raised for the first time on appeal; issues not raised in the lower court are waived. Pa.R.A.P. 302(a), 42 Pa.C.S.A.

Judgment affirmed.

SPAETH, J., concurs in the result.