Eugene Michael Chanda, Appellant *v.* Commonwealth of Pennsylvania and the Pennsylvania State Police, Appellees.

Argued November 15, 1984, before Judges WILLIAMS, JR. and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Nicholas Banda,* for appellant.

*Richard M. Rosenthal,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE WILLIAMS, JR., December 28, 1984:

Petitioner Eugene Michael Chanda appeals from the order of the Court of Common Pleas of Cambria County denying his motion for a new trial in his action in trespass against the Pennsylvania State Police.

Chanda's claim against the State Police stems from the seizure in June of 1978 of an automobile titled to Chanda. The automobile, a 1977 Cadillac which Chanda purchased in March of 1978 from a private individual he met at a hotel cocktail lounge, was seized pursuant to a search warrant issued upon information that the vehicle had been stolen from New York on December 1, 1977. According to the trial record, the State Police determined that a counterfeit vehicle identification had been affixed to the automobile. On

August 15, 1978, the vehicle was released to a representative of the General Accident Group, an insurance carrier, which held the title bearing the original and correct vehicle identification number.

Two years after the automobile's seizure, Chanda brought an action pursuant to Pennsylvania Rule of Criminal Procedure 324[1] for the return of the vehicle. He was advised of the release of the automobile to the insurance company. He then filed the instant action in trespass alleging that the State Police negligently and recklessly transferred the automobile to another person, and did so without prior notice to Chanda. A jury trial resulted in a verdict in favor of the State Police. Chanda filed a motion for a new trial. The motion was far from explicit in reciting the reasons for requesting a new trial: it stated in boilerplate fashion that the verdict was against the evidence, was contrary to the weight of the evidence, and contrary to the law. The trial court was commensurately succinct in responding to the motion. The opinion and order, stated:

> A Motion for New Trial may be granted only where there exists a manifest abuse of discretion or a clear error of law. . . .

---

[1] This rule states, in pertinent part:

Rule 324. Motion for Return of Property

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

... Plaintiff's Motion for a New Trial is denied. (Citation omitted.)

Chanda appeals from this order.

Chanda concedes that the trial court articulated the proper test for whether a motion for new trial should be granted. He contends, however, that the trial court should have granted his motion because of alleged errors in the instruction to the jury. Specifically, he contends that the court erred in instructing the jury that it was required to determine whether the State Police returned the automobile to the "proper owner." He also assigns legal error to the court's statement to the jury that "as a general rule ... stolen property ... is legally required to be returned to its rightful owner. ..." Finally, he asserts that it was error for the court to charge the jury that someone who acquires stolen property cannot confer good title, not even to a bona fide purchaser.

While we find these contentions highly dubious, we need not address them because they were not properly preserved. Chanda's counsel did not object to the charge at the time of trial. In *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), our Supreme Court announced the adoption of a strict rule of issue preservation. Since *Dilliplaine,* courts at both the trial and appellate levels have been foreclosed from granting new trials on the basis of errors for which there were no timely objections. The Supreme Court's adherence to this rule has been unwavering. *See Tagnani v. Lew,* 493 Pa. 371, 426 A.2d 595 (1981).

While conceding that his counsel did not timely object to the errors he asserts before this court, he contends that the failure does not foreclose our consideration of the merits of his claims. He asserts that an

exception should be made here because he changed counsel between the rendering of the verdict and the filing of the motion for a new trial, and because due process interests were implicated in the failure of the State Police to give him prior notice of their intention to release the automobile to another person. We perceive nothing in these factors to recommend exempting Chanda from the consequences of his counsel's litigational decisions. Furthermore, even assuming that Chanda had some due process interest in prior notice of the release of the automobile, we are aware of no authority which holds that a different set of rules regarding issue preservation applies to civil litigants who assert due process claims than applies to all other civil litigants.[2] We therefore conclude that the trial court did not err in denying Chanda's motion.

A second, independent reason for affirming the trial court's decision is the failure of Chanda's counsel to make specific assignments of error in his motion for a new trial. It is not the responsibility of the trial

[2] In *In Re Adoption of F.D.S.*, 490 Pa. 43, 415 A.2d 23 (1980), an appeal from a decree terminating a mother's parental rights, the Pennsylvania Supreme Court addressed the merits of a claim of bias on the part of the trial judge where such a claim was not included in written exceptions to a decree nisi. In explanation of its decision to address the merits of the claim, the court noted that the claim was raised in the brief in support of the exceptions, that the trial court had the opportunity and did consider the question, and especially that the Orphans' Court Rules prescribe liberal application and invests the courts hearing Orphans' Court matters with discretion to disregard errors or defects in procedure which do not affect substantial rights. We, like the Superior Court, believe that the Supreme Court intended this holding to be limited to Orphans' Court and Equity matters. *See Cherry v. Willer*, 317 Pa. Superior Ct. 58, 63, 463 A.2d 1082, 1084 n.3 (1983). We read *Tagnani*, rendered one year after *In Re Adoption of F.D.S.*, to brook few exceptions to the principle of strict issue preservation.

court to second-guess his conduct of the proceedings absent specific assignments of error by the party seeking a new trial. The Superior Court, in *Carnicelli v. Bartram,* 289 Pa. Superior Ct. 424, 433 A.2d 878 (1981), addressed precisely this issue:

> To permit the trial court to grant a new trial on the basis of a very general assignment of error, such as "the verdict is against the law" or "against the evidence," would result in losing the advantages of requiring specific assignments of error. Furthermore, to permit the trial court to make its own selection of reasons for granting a new trial, and then allocate those reasons under the rubric that the verdict was "against the law" or "against the evidence," would permit the court to grant a new trial for a reason that counsel would have been prevented from raising in the motion for a new trial because at the time the alleged error occurred, no objection was made.

289 Pa. Superior Ct. at 430, 433 A.2d at 881. Nor was it sufficient that Chanda's counsel later specified assignments of error in a brief supporting his boilerplate post-verdict motion. *Cherry.*[3]

Accordingly, we affirm the decision of the trial court.

ORDER

AND Now, this 28th day of December, 1984, the decision of the Court of Common Pleas of Cambria County is affirmed.

---

[3] In *Cherry,* the Superior Court considered the merits of claims raised in the appellant's brief because his boiler-plate post-verdict motion was filed prior to publication of *Tagnani* and *Carnicelli.* In the instant case, Chanda's post-verdict motion was filed approximately 1 1/2 years after *Tagnani* and *Carnicelli* were decided.