488 A.2d 27

**In re Trust of Melvin BACHMAN.**

**Appeal of Eleanor J. BACHMAN, Individually and as Administratrix of the Estate of Melvin E. Bachman.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1984.

Filed Feb. 8, 1985.

Alfred G. Yates, Jr., Pittsburgh, for appellant.

Before BROSKY, WATKINS and HESTER, JJ.

BROSKY, Judge:

This appeal is from the dismissal of a Petition to Vacate the Decree of Distribution of a trust estate. Appellant contends that she was not given notice of the proceedings and that an adjudication of her interest in the estate must be undertaken. Along with the Court of Common Pleas, we find this issue waived due to its absence from the petition and, accordingly, affirm.

\* \* \*

■ The instant petition was brought under 20 Pa.C.S. § 3521, providing the opportunity for a challenge to be made to the decree of distribution. This petition did not allege that appellant had not received notice of the prior proceedings, which had involved her now deceased husband. The Court of Common Pleas held that the notice issue was waived by its absence in the petition.[1]

■ Appellant counters that the inclusion of the notice claim in the brief supporting the Petition and in oral argument on the petition acts to preserve the issue. In support of this appellant cites *In re Estate of Chiara,* 467 Pa. 586, 359 A.2d 756 (1976). *Chiara* held that an issue not included in the exceptions to an account of an estate would nonetheless be preserved through inclusion in the brief.

> While the item in question should, of course, have been the subject of a formal objection to the account, failure to do so should not prove fatal in this case. The trial memorandum presented to the court on Gloria's behalf before hearing on the objections and the brief submitted before decision was rendered were in effect, amendments to the formal objections, and should have been so treated by the court. The rules of the orphans' court divisions are to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Rule 2.1 (formerly Section 2 of Rule 1) of the Orphans' Court Rules of this Court. The same rule allows the orphans' court to "disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest." See also 20 Pa.C.S. § 3521. If, therefore, the court's failure to consider the issue was because of the "defect of procedure" referred to, the court abused its discretion in the premises.

*In re Estate of Chiara, supra,* 467 Pa. at 594, 359 A.2d at 760.

---

1. Our reading of that petition verifies the absence of an allegation regarding lack of notice.

■ If *Chiara* is binding precedent, it would lead to the disposition of this case in appellant's favor.[2] We conclude, however, that *Chiara* is not precedential.

Six, rather than seven, Justices participated in the *Chiara* decision. One of these Justices concurred in the result. As such, that vote does not contribute to a majority of the court participating necessary to create precedent. "Their votes represent only their agreement with the mandate affirming the judgment of sentence, and nothing more." *Commonwealth v. Glover*, 497 Pa. 433 at 436, 441 A.2d 1216 at 1217 (1982). Two additional Justices did not join the opinion but "would affirm the decree of the Orphans' Court." The portion of the opinion quoted above resulted in a remand in part and thus those two Justices clearly did not adopt the rule in question. The net result is that only three of six participating Justices joined *Chiara* on the issue before us. This is insufficient to create precedential value.

> While the rule adopted in [*Commonwealth v.*] *Jones* [457 Pa. 563, 319 A.2d 142 (1974)] that a defendant is entitled to a requested instruction on voluntary manslaughter received the support of all six participating Justices, the harmless error analysis in the opinion in support of affirmance was adopted by only three of the six Justices. Thus, the opinion in support of affirmance has no precedential value on the harmless error issue; we consider it only for its persuasive value.

*Commonwealth v. Covil*, 474 Pa. 375 at 380–1, 378 A.2d 841 at 844 (1977).

Since *Chiara* does not state the law in this Commonwealth, it remains for us to consider its persuasive value. Because the proposition in *Chiara* is an anomoly, inconsistent with analagous areas of the law, we find it unpersuasive and decline to adopt it.

\* \* \*

**2.** The procedural distinction, that *Chiara* involved exceptions and the case *sub judice* a petition, would not be a sufficient basis for the non-application of *Chiara* here.

In the landmark case of *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) the high court of this Commonwealth repudiated the fundamental error doctrine and heralded a new era emphasizing the waiver of issues for lack of preservation. That orientation was given an application of interest here in *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979). *Gravely* held that a brief raising issues was insufficient to overcome their absence from the post verdict motions.[3] See also *Commonwealth v. Perry*, 279 Pa.Super. 32, 420 A.2d 729 (1980).

This rule of law has also been extended to civil cases. In *Cherry v. Willer*, 317 Pa.Super. 58 at 63, 463 A.2d 1082 at 1084 (1983) this Court wrote, "... we, therefore, hold that hereafter, in civil as well as criminal cases, only issues specifically raised in post-verdict motions can be considered and will be preserved for appeal, and issues raised only in briefs in support of those issues may not be considered."[4]

*Cherry* is consonant with Pa.R.C.P. 1038(d),[5] in effect at the time this case was in the Orphans' Court, and with Pa.R.C.P. 227.1(b)(2)[6] currently in effect.

This is of particular significance in light of the fact that the practice in Orphans' Court "is to conform to the practice in equity." Orphans' Crt.R. 3.1. Equity practice, in turn,

3. While divided on the retrospective effect of this holding, six of seven Justices agreed on the prospective validity of the rule in *Gravely*.

4. In *Cherry v. Willer*, the court applied waiver prospectively only because the appellant in that case had filed his post-verdict motions subsequent to the decisions concerning post-verdict motions. *Cherry v. Willer, supra*, 317 Pa.Superior Ct. at 64, 463 A.2d at 1085. Here, however, post-verdict motions were filed after those cases: *Commonwealth v. Gravely, supra; Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981); *Carnicelli v. Bartram*, 289 Pa.Super. 424, 433 A.2d 878 (1981).

5. "... Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters."

6. "Post-trial relief may not be granted unless the grounds therefor, ... (2) are specified in the motions ... Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds."

"shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1501.

* * *

The dissonance between *Cherry* and *Chiara* becomes even more apparent when one looks to the rationale used by *Chiara*—that Orphans' Crt.R. 2.1 justifies its result. The language of Orphans' Crt.R. 2.1 quoted in *Chiara,* above, is identical to that of Pa.R.C.P. 126. Given the same guiding principle in both the Civil and Orphans' Court Rules, the incongruity of having briefs preserve exceptions in Orphans' Court but not in the Civil division of the Court of Common Pleas becomes both apparent and insupportable.

■ Consequently, we hold that the practice in Orphans' Court is to follow that in criminal and civil cases: issues not included in exceptions or petitions will not be preserved by virtue of their having been argued in the supporting brief or at oral argument.

* * *

The lack of notice issue, argued in the appellate brief, was not, therefore, properly preserved. The court below properly declined to review the issue not before it.

Order affirmed.