## Culp v. Williams

*Harry A. Dorian,* for plaintiffs.

*Eric A. Weiss,* for defendant.

SEMERARO, *J.,* March 8, 1988—October 8, 1987, this medical malpractice action, following a jury trial, concluded with a verdict in favor of

defendant, Claude M. Williams, M.D. Subsequently plaintiffs, Lillian and Robert Culp, filed a timely motion for a new trial contending this court erred in denying plaintiffs' motion in limine and in permitting Dr. Joan Waller to testify on behalf of defendant as a defense liability expert. On October 16, 1987, this court entered an order denying plaintiffs' motion. Plaintiffs have appealed this order, thereby necessitating this opinion.

## FACTS

Plaintiffs instituted this medical malpractice action alleging negligent post-operative care by defendant for failing to recognize, diagnose, and properly treat plaintiff Lillian Culp's post-surgical wound infection.

Defendant performed a hysterectomy upon plaintiff Lillian Culp on May 9, 1983. A few days after the operation a post-operative wound infection developed. Defendant treated this infection for approximately one month, but was unable to control it. On June 9, 1987, defendant referred plaintiff Lillian Culp to Joan Waller, M.D., an infectious disease specialist. During the next three months, under Dr. Waller's care, plaintiff Lillian Culp was in the hospital undergoing an intravenous antibiotic course of treatment. This treatment brought about plaintiff Lillian Culp's recovery.

Plaintiffs' legal argument raised in their post-trial motions are strikingly similar to those of their motion in limine. Both can be distilled down to three quintessential points:

(1) Whether, without the court's approval and without plaintiffs' counsel present, counsel for defendant should have communicated with plaintiffs' past treating physician, Dr. Waller.

(2) Whether upon testifying as an expert witness for defendant adverse to plaintiffs' litigious position, Dr. Waller breached a fiduciary duty owed to plaintiff Lillian Culp.

(3) Whether Dr. Waller's trial testimony was merely cumulative and unduly prejudical to plaintiff.

Plaintiffs' motion in limine was denied by this court. In their post-trial motions plaintiffs' contend that the court erred when it refused plaintiffs' request for oral argument on their motion. Plaintiff does not, however, claim any prejudice occurred because of the denial of oral arguments. In that each aspect of plaintiffs' motion in limine are dispelled by this opinion the denial of oral arguments did not prejudice plaintiff.

## ARGUMENT

In ruling upon a post-trial motion for a new trial, this court must determine whether any decision rendered by the court, which has been properly placed into issue by a party, constituted a manifest abuse of discretion or a clear error of law. *Chanda v. Commonwealth,* 86 Pa. Commw. 532, 534-5, 485 A.2d 867, 868 (1984). Plaintiffs have not shown either abuse of discretion or error of law to exist.

*Plaintiffs' Treating Physician is Not Barred by the Physician-Patient Privilege from Discussing the Case with the Defendant and Appearing as Defendant's Expert Witness*

Under Pennsylvania Statute section 5929, Physicians Not to Disclose Information, it is provided:

"No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in

that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries." 42 Pa.C.S. §5929. In this instant case, a civil suit in medical malpractice brought by plaintiff, the above-referenced statute applies. Defendant by contacting and then retaining Dr. Waller as an expert witness was properly within the limits of the statute.

In the case of *In re June, 1979 Allegheny County Investigating Grand Jury,* 490 Pa. 143, 415 A.2d 73 (1980) the Pennsylvania Supreme Court held that statutory and case law has drawn a distinction between information learned by a physician through communications to him by a patient and information acquired through examination and observation. *Id.* at 149, 415 A.2d at 76-7. It is only information gained by communications with the patient that may be protected from disclosure. Even that information is prevented from being disclosed only if it tends to blacken the character of the patient. *Id.* at 150, 415 A.2d at 77; *Massach v. Keystone Coal and Coke Co.,* 137 Pa. Super. 541, 10 A.2d 98 (1939); *Woods v. National Life and Accident Insurance Co.,* 347 F.2d 760 (3d Cir. 1965).

Here the disclosures by Dr. Waller were of information gathered from her observation, examination and treatment of plaintiff Lillian Culp. No confidential matters which might blacken plaintiff's character were communicated. Additionally, Dr. Waller was not plaintiff Lillian Culp's treating physician at the time of the communications. Therefore the consultation between defendant's counsel and Dr. Waller and her testimony at trial did not violate plaintiff Lillian Culp's physician-patient privilege. This court relied on *Panko v. Consolidated Mutual Insurance,* 45 D.&C. 2d 743 (1968), affd. 423 F.2d

41 (3d Cir. 1970) which is analogous to the case sub judice. (The *Panko* court noted it's earlier affirmation of the district court's decision and jury instruction regarding plaintiff physician being used by defendant. *Id.* at 43; See *Panko v. Food Fair Stores,* 403 F.2d 62, 64 (3d Cir. 1968). The district judge instructed the jury:

"That no inference of improper professional conduct . . . whatsoever should be drawn from the doctor's appearance and testimony at trial, for the reason that when a patient makes a claim involving his or her health, the privilege of physician-patient non-disclosure must give way as a matter of policy to broaden interests involved in the administration of justice in adversary litigation." *Panko v. Consolidated Mutual Insurance,* 423 F.2d 41, 43 (3d Cir. 1970).

The court of appeal's reasoning in *Panko* is applicable in the instant case. Plaintiffs brought suit alleging medical malpractice placing the propriety of defendant's treatment at issue. Any right to non-disclosure plaintiff Lillian Culp may have is subordinated to the interest of justice. This court is in agreement.

Plaintiff takes further exception that the communication between Dr. Waller and defendant was ex parte and impermissible. In *Moses v. Albert Einstein Medical Center et al.,* 353 Pa. Super. 650, 506 A.2d 1341 (1983) the court held that plaintiff's treating physician and defendant's counsel were justified in engaging in private discussions. The court stated, "Thus, her physician, defendant Dr. [ X ], was permitted, via the physician/patient privilege statute, to disclose to either side in this law suit, during pretrial and trial proceedings, information about plaintiff Lillian Culp's medical condition and treatment." *Moses, supra.* We find that, as a

matter of law the communication between defendant and Dr. Waller, and the doctor's testimony at trial was permissible.

As for any violation of plaintiffs' constitutional right to privacy arising from a physician testifying as did Dr. Waller the law in Pennsylvania is that no such blanket protection exists. *In re June 1979 Allegheny County Investigating Grand Jury*, 490 Pa. 143, 415 A.2d 73 (1980), the Supreme Court held that such a right to privacy did not exist when confronted by the Investigating Grand Jury. See 18 Pa.C.S. §4549, Investigating Grand Jury Proceedings Act. "[T]he considerable protection offered by both the terms of the Investigating Grand Jury Act and the responsibility and discretion reposed in the supervising judge, we find neither the U. S. Constitution nor the Pennsylvania Constitution offended. We recognize a limited invasion of privacy will occur but consider it justified under the circumstances." *Id.* at 152, 415 A.2d at 78. The greater protection offered by the Pennsylvania Rules of Court and the responsibility and discretion of a court of common pleas judge surely then could not offend either constitution. As such plaintiffs' constitutional right to privacy was not violated by allowing Dr. Waller to testify.

*Dr. Waller Did Not Breach a Fiduciary Duty Owed to Plaintiff Lillian Culp When She Testified as an Expert Witness for Defendant Adverse to Plaintiff Lillian Culp's Litigious Position*

Plaintiff here contends that Dr. Waller breached an alleged duty to plaintiff raising a conflict of interest in terms of the physician-patient privilege and causing prejudice to plaintiff. The subject of disclosures of information concerning a patient by a doctor is addressed *supra*. In regards to any fidu-

ciary duty owed to a patient the law in Pennsylvania is that the administration of justice is superior.

"It is true that a treating physician owes a duty to his patient not to offer affirmative assistance to his patient's antagonist in litigation, (see *Alexander v. Knight*, 197 Pa. Super. 79, 177 A.2d 142 (1962)) but testifying truthfully, under oath at a deposition or trial is not within such a category and violates no duty created by a fiduciary relationship between a physician and a patient or the attending duty of confidentiality." *Goldstein v. Temple University Hospital et al.*, 16 Phila. Rep. 81 (1987). Dr. Waller as plaintiff Lillian Culp's treating physician released the medical information in the proper forum. She did not violate any privilege or fiduciary duty.

### Dr. Waller's Trial Testimony Was Not Merely Cumulative nor Unduly Prejudicial to Plaintiff Lillian Culp

Plaintiffs' contend that Dr. Waller's testimony was cumulative in that she expressed precisely the same opinion as that of another of defendant's liability experts. Her testimony addressed one of the critical issues raised at trial: the timeliness of defendant's admission of plaintiff Lillian Culp into the hospital and the subsequent course of treatment of the post-surgical wound infection. (Who better to render an expert opinion but Dr. Waller who immediately took on the treatment of plaintiff?) Dr. Waller saw plaintiff Lillian Culp while hospitalized and had first-hand knowledge of plaintiff Lillian Culp's prescribed course of treatment.

It is within the discretion of the court to reasonably limit the evidence which is merely cumulative, rule 223 (conduct of the jury trial, Pa.R.C.P. 223); and which is merely repetitious, *Boyd v. Hertz Corporation*, 219 Pa. Super. 488, 281 A.2d 679

(1971). Dr. Waller's testimony was not cumulative. Plaintiff instituted the medical malpractice action placing defendant's treatment at issue. Dr. Waller's testimony, as the successor physician, was critical to this case.

For all of these reasons this court denied plaintiff's motion for a new trial and directed that judgment be entered in favor of defendant.

### ORDER

And now, March 8, 1988, upon consideration of the record and the briefs in support of plaintiffs post-trial relief, plaintiffs' motion is denied and judgment is entered in favor of defendant on the verdict of the jury.