570 A.2d 127

**KIMMEL PONTIAC, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS AND SALESPERSONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided Feb. 9, 1990.

David E. Lehman, with him, Stephen A. Moore, McNees, Wallace & Nurick, for petitioner.

April L. McClaine, Counsel, State Bd. of Vehicle Mfrs., Dealers and Salespersons, with her, Joyce McKeever, Chief Counsel, and Judith Pachter Schulder, Asst. Counsel, Bureau of Professional and Occupational Affairs, and Velma A. Boozer, Chief Counsel, Dept. of State, for respondent.

James A. Mollica, Jr., Meyer, Darragh, Buckler, Bebenek, Eck & Hall, William J. Whalen, of counsel, for intervenor, General Motors Corp.

Matthew B. Taladay, Robert M. Hanak, P.C., for intervenor, Bob Stultz Pontiac, Inc.

Margaret M. Stuski, Staff Atty., for amicus curiae, Pennsylvania Automotive Ass'n.

Before CRAIG and BARRY, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

Kimmel Pontiac, Inc. (Kimmel) appeals an order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) which refused to consider an application for reconsideration filed by Kimmel.

Pursuant to the Board of Vehicles Act, (Act), Act of December 22, 1983, P.L. 306, *as amended,* 63 P.S. §§ 818.1—818.28 (Supp.1989–90), the Pontiac Division of the General

Motors Corporation notified Kimmel that it was terminating its Pontiac vehicle franchise effective August 2, 1988. Kimmel sought recourse pursuant to Section 9(c) of the Act by filing an appeal with the Board on July 28, 1988. Hearings were held in early October of 1988. Section 7 of the Act requires that the Board issue a final determination within 120 days of the filing of the appeal unless the parties agree to extend the time period. Kimmel and the manufacturer agreed to extend the date for finally deciding the matter until December 10, 1988. On December 9, 1988, the Board issued its final determination which found that the manufacturer had good cause for terminating Kimmel's franchise. On December 23, 1988, Kimmel filed an application for reconsideration. On January 19, 1989, the board issued an order which stated that its jurisdiction over the controversy ceased to exist on December 11, 1988; because Kimmels' application for reconsideration was not filed until December 23, 1988, the Board held that it lacked jurisdiction to reopen or reconsider the matter. Kimmel appealed to us.

 To better understand the controversy, a brief review of the Act and its purposes is in order. The Act, *inter alia*, places certain constraints upon the manufacturers of automobiles in their dealings with their franchisees. As already mentioned, Section 9(c) of the Act prohibits the cancellation of a franchise without just cause. Section 18 requires the manufacturer to have good cause for relocating an existing franchise or for establishing additional franchises within a radius of twenty miles of an already existing franchise. Whenever a franchisee does not agree with the manufacturer's actions in this regard, the franchisee may file a protest. Section 7 of the Act explicitly provides:

> Any hearing on a protest by a dealer of any action by a manufacturer alleged to be in violation of a provision of this act must be conducted and the final determination made within 120 days after the protest is filed. Unless waived by the parties, failure to do so will be deemed the equivalent of a determination that the manufacturer act-

ed with good cause . . . unless the delay is caused by the manufacturer. . . .

63 P.S. § 818.7.

Section 9(c) of the Act provides that when a protest is filed on the cancellation of a franchise, no action taken by the manufacturer "shall become effective until final determination of the issue by the board." Because of this provision, one reason for the 120 day period becomes apparent. If we assume that good cause exists for cancelling a franchise, the franchisee could file its protest and remain in business to the detriment of the manufacturer until the Board acted. Were it not for the 120 limitation, the Board could delay the otherwise entirely proper cancellation of a franchise by simply refusing to act. The 120 day period then protects certain due process concerns of the manufacturer.

In reviewing the 120 day provision for issuing final determinations, the courts of this Commonwealth have made several pronouncements. In *Ford Motor Co. v. Department of State*, 510 Pa. 91, 507 A.2d 49 (1986), the Supreme Court held that an oral vote to sustain a protest was insufficient as the Administrative Agency Law requires that an adjudication be in writing. 2 Pa.C.S. § 507. Furthermore, in *General Motors Corp. v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 98 Pa. Commonwealth Ct. 187, 198, 511 A.2d 249, 254 (1986), this Court stated that any waivers of the 120 period "must be express or by necessary implication." Finally, in *Ford Motor Co. v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 107 Pa.Commonwealth Ct. 313, 528 A.2d 1002 (1987), we held that the 120 day rule does not, in and of itself, violate due process.[1]

---

1. In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1975), the Supreme Court held that a similar 120 day rule in an Illinois statute was violative of due process because the delay there was occasioned solely by the state board empowered to hear the controversy. In *Ford Motor Co.*, the delay there was occasioned because of actions of both parties. Judge Craig relied upon the cause of the delay in distinguishing *Logan*.

There can be no question that the Legislature can define those instances in which an administrative agency has the power to act. It further follows that the Legislature may place limitations on those instances where the agency has the power to act, as long as the limitations are consistent with due process. In this light, we believe the 120 day limitation on the Board's power to act is within the legislative prerogative.

Kimmel argues that its right to seek reconsideration is guaranteed by the General Rules of Administrative Practice and Procedure which provide, *inter alia,* for filing an application for rehearing or reconsideration. 1 Pa.Code § 35.241. While those rules do permit the filing of such an application in most instances, we believe that the Legislature's time limitation on the Board's jurisdiction in the Act controls when in conflict with a *general rule of administrative procedure.*

In the present case, the Board's power to act ended after December 10, 1988, the date on which the parties agreed to extend the period for the Board to issue its final determination. There is no further waiver of the 120 day period in this record, either explicit or implicit. That being the case, we believe the Board was correct in concluding that since the application for reconsideration was not filed until December 23, 1988, it had no power to decide that matter.

Affirmed.

## ORDER

NOW, February 9, 1990, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons, dated January 19, 1989, at No. 88–60–03022, is affirmed.