466 A.2d 130

**Marilyn JACKSON, Appellant,**

v.

**James G. PHILLIPS, Ralph Waldschmidt and the City of Pittsburgh.**

Supreme Court of Pennsylvania.

Argued Sept. 12, 1983.

Decided Oct. 4, 1983.

---

David M. Moran, Behrend, Aronson & Morrow, Pittsburgh, for appellant.

John G. Shorall, II, Marvin A. Fein, Pittsburgh, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.*

## ORDER

PER CURIAM:

This is an appeal from an order of the Superior Court affirming an order of the Court of Common Pleas of Allegheny County which on post-trial motions awarded appellees a new trial on the ground that the molded verdict was inconsistent with the findings of the jury. The sole issue is whether appellees properly preserved their challenge to the molded verdict for post-trial and appellate review where counsel for appellees failed to object to the molding of the verdict when it occurred.

At trial, counsel for both parties were called to side bar and the following exchange took place:

> THE COURT: The Court is proposing to remold this verdict to read a verdict in the sum of $10,000.00 against

* Justice ZAPPALA did not participate in the consideration or decision of this case.

328

the defendants. You have no exception to the remolding?

MR. WHITEHALL (Counsel for Appellees): No exception to the remolding.

In *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), this Court abolished the doctrine of "plain and fundamental error" and held that only issues properly preserved at trial would be considered on appeal. In *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981), this Court further held that *Dilliplaine* precludes a court *en banc* from granting relief on post-verdict motions when the same relief has not been requested at trial.

As the record is clear that no objection was made at trial to the molding of the jury's verdict, the order of the Superior Court upholding the award of a new trial must be reversed and the record remanded to the Court of Common Pleas of Allegheny County with directions to enter judgment in favor of appellant on the molded verdict.

Order of the Superior Court 302 Pa.Super. 561, 448 A.2d 1155 reversed and record remanded to the Court of Common Pleas of Allegheny County for entry of judgment on the molded verdict.

ZAPPALA, J., did not participate in the consideration or decision of this case.